**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6415

DEREK MARQUIS FLEMING,

Petitioner - Appellant,

versus

VANESSA P. ADAMS, Warden, FCC Petersburg,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (CA-01-582)

Submitted: June 8, 2005                    Decided: July 6, 2005

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Derek Marquis Fleming, Appellant Pro Se. Michael R. Smythers, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Derek Marquis Fleming, a federal prisoner, seeks to appeal the district court's order construing his motion filed under Fed. R. Civ. P. 60(b) as a successive motion under 28 U.S.C. § 2255 (2000), and dismissing it for lack of jurisdiction, and the court's orders denying his motions for reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Fleming has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

In accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 540 U.S. 995 (2003), we construe Fleming's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. In order

to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 ¶ 8 (2000). Fleming's claims do not satisfy either of these conditions. Therefore, we decline to authorize Fleming to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>